**32UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

APRIL MARIE WARD,

Plaintiff,

v.

MACY'S, INC.,

Defendant.

Case No. 26-CV-3223 (NEB/ECW)

ORDER

---

This matter is before the Court on Plaintiff April Marie Ward's complaint (ECF No. 1 ("Compl.")) and application to proceed *in forma pauperis* (ECF No. 6). For the reasons below, the Court dismisses this action as frivolous. The Court also warns Ward that continued frivolous litigation—this case is her second resting on the same theory—will place her on this District's restricted-filer list.[1]

Ward seeks one million dollars against Defendant Macy's, Inc. for violation of a trust security agreement. (Compl. at 1, 4.[2]) The complaint contains a single paragraph of allegations:

---

[1] The same day this action was docketed, Ward filed a near-identical complaint in this District against Best Buy; Judge Frank has since dismissed that case as frivolous. *Ward v. Best Buy*, No. 26-CV-3222 (DWF/SGE) (D. Minn. July 20, 2026), ECF No. 6. The uptick in lawsuits based on the faulty premise that mailing trust-lien paperwork can erase consumer debt or turn a company's silence into a million-dollar payday wastes judicial resources.

[2] Page citations to the record reference ECF pagination.

> I sent the notice of unpaid lien to the company (which I will attach to this case),[3] letting them know about the first obligation trust lien that I needed to get taken care [of] (which had nothing to do with them). They completely ignored the notice and continued to report [the] account on credit which now puts them at fault for the trust lien security agreement pay off for delaying and ignoring the first obligation pay off.

(*Id.* at 4.[4]) Ward invokes diversity jurisdiction, as well as federal-question jurisdiction under "Article 1 Section 10: Right to Contract." (*Id.* at 3.) Construing the complaint liberally, the Court identifies two possible claims: (1) a federal constitutional claim under the Contracts Clause and (2) a state-law claim sounding in contract, lien enforcement, or related theories.

Under the federal statute governing IFP proceedings, "[n]otwithstanding any filing fee, or any portion thereof that may have been paid, the court shall dismiss [a case proceeding IFP] at any time if the court determines that . . . the action or appeal . . . is frivolous[.]" 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (citing *Neitzke*). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992)). Both of Ward's claims are legally frivolous.

***Contracts Clause claim.*** The United States Constitution commands that "[n]o state shall . . . pass any . . . law impairing the obligation of contracts." U.S. Const. art. I, § 10,

[3] No "notice of unpaid lien" accompanies Ward's pleading.

[4] Various parts of the complaint are typed in block capitals; quotations from it are rendered here in ordinary sentence case.

cl. 1. By its terms, the Contracts Clause limits state legislative and executive action; it does not create a private right of action or regulate private parties. *Cf. Sveen v. Melin*, 584 U.S. 811, 819 (2018). Because Macy's is a private corporation and no state action is at issue here—an obvious and incurable defect—the Court dismisses this claim as frivolous. *Smith v. Target*, No. 26-CV-1745 (ECT/LIB), 2026 WL 1031159, at *3 (D. Minn. Apr. 16, 2026).

***State-law contract claim.*** Ward alleges that Macy's breached an agreement by ignoring the notice of unpaid lien—which she concedes "had nothing to do with them"—and maintaining its credit reporting. (Compl. at 4.) Stripped of its pseudo-legal phrasing, Ward's complaint is premised on the faulty theory that she can unilaterally create a binding financial obligation against a corporation. *Ward v. Best Buy*, No. 26-CV-3222 (DWF/SGE) (D. Minn. July 20, 2026), ECF No. 6 at 4 ("As a matter of law, no one can manufacture a debt by mailing a company a homemade 'lien' against the sender's own account and then construing the company's silence (or routine account reporting) as an agreement to pay $1,000,000."). Courts have uniformly rejected this theory as "completely without merit" and "patently frivolous." *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992); *Smith*, 2026 WL 1031159, at *3 (collecting cases). Accordingly, the Court dismisses this claim as frivolous.

**CONCLUSION**

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE; and

2. Plaintiff's Application to Proceed Without Prepaying Fees or Costs (ECF No. 6) is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 4, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge